**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROGER ONEAL,

           Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,

           Agency.

DOCKET NUMBER
AT-0752-15-0666-I-1

DATE: February 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Brenda S. Mack, Robins Air Force Base, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan A. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal for marijuana use. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant held an Aircraft Electrician position, WG-2892-10, at Robins Air Force Base, Georgia. Initial Appeal File (IAF), Tab 4 at 8. The agency charged him with using marijuana. *Id.* at 15. He was subsequently removed and filed this appeal. *Id.* at 9-11, IAF, Tab 1.

¶3 At the hearing, the appellant testified that he had been a heavy drinker and decided to quit "cold turkey" without medical assistance. IAF, Tab 17, Initial Decision (ID) at 2. For 6 or 7 days thereafter, he experienced severe sweats, shakes, loss of motor functions, and nausea. *Id.* He testified that he took Tetrahydrocannabinol (THC) tablets on two occasions in an attempt to manage his withdrawal symptoms. *Id.* The second such occasion was on March 4, 2015, 2 days before he underwent routine drug testing. *Id.* The appellant did not tell the Medical Review Officer for the drug test that he had ingested THC tablets. *Id.*

¶4 The appellant also testified that he had received the tablets at an earlier time from an ex-girlfriend, who had used them to control nausea during medical treatments. *Id.* She had offered him the tablets because he had complained of stomach issues related to his drinking. *Id.* The appellant testified that he knew

that the tablets were THC-based, but he did not believe they would cause him to test positive for marijuana. *Id.* He also testified that he had not ingested alcohol since February 2015, and that he was seeing a Rehabilitation Specialist. *Id.* He also acknowledged that he made a mistake when he took the THC. *Id.*

¶5 In an initial decision, the administrative judge sustained the charge based on the appellant's testimony. ID at 2. The administrative judge found that the appellant's admission, along with the fact he held a Testing Designated Position, were sufficient to establish nexus, and that the agency had proven that the penalty imposed was reasonable under the particular circumstances of the case. ID at 5-7.

¶6 The administrative judge also considered the appellant's affirmative defense that the agency violated his right to due process when the deciding official considered information that he had received from the agency's Human Resources (HR) Department regarding penalties imposed on other employees for the same or similar misconduct, and failed to inform the appellant of his intention to do so. ID at 2-5. The administrative judge concluded that the information the deciding official received was cumulative and not new, the appellant had an opportunity to respond to the information, and the communication was not likely to result in undue pressure on the deciding official to rule in a particular manner. ID at 4. Additionally, the appellant asserted that the agency did not inform him that the deciding official found his explanation for why he tested positive for THC to be less than credible, nor did it inform him that the deciding official had taken into account that the appellant was not participating in a drug treatment program. ID at 3. The administrative judge similarly rejected these arguments. ID at 5. The administrative judge thus found any ex parte communication the appellant alleged to be insubstantial or unlikely to cause prejudice and that the agency did not violate the appellant's right to due process. ID at 4. She affirmed the agency action. ID at 7.

¶7 On review, the appellant reasserts his affirmative defense that the agency violated his due process rights. Petition for Review (PFR) File, Tab 3. The agency has responded to the appellant's petition for review. PFR File, Tab 5.

## ANALYSIS

¶8 A deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed. *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1354 (Fed. Cir. 2012). The Board has held that an employee's due process right to notice extends to both ex parte information provided to a deciding official and information known personally to that official, if he considered the information in reaching the decision and had not previously disclosed to the appellant that he would be doing so. *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 7 (2012). Not all ex parte communications, however, rise to the level of a due process violation. Rather, only ex parte communications that introduce new and material information to the deciding official amount to a constitutional due process violation. *Ward v. U. S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999).

¶9 In *Stone*, the U.S. Court of Appeals for the Federal Circuit set forth the following factors to determine if an ex parte communication introduces new and material evidence and thus violates an appellant's right to due process: (1) whether the ex parte information introduced is cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was of the type likely to result in undue pressure on the deciding official to rule in a particular manner. *Stone*, 179 F.3d at 1377. The court ultimately considers whether the ex parte communication is so substantial and so likely to cause prejudice that no employee

can fairly be required to be subjected to a deprivation of property under the circumstances. *Id.*

¶10    In considering the *Stone* factors, the administrative judge found that the agency did not violate the appellant's right to due process. ID at 3-5. The administrative judge cited the deciding official's testimony in which he stated that he had decided other cases involving employees charged with using illegal drugs, and he believed his decision to remove the appellant was consistent with the penalties imposed in those cases. The deciding official testified that he confirmed his conclusion with HR. ID at 4. The administrative judge explained that the deciding official's communication with HR did not introduce any new information because the agency's notice of proposed removal stated that the penalty of removal would be "consistent with actions imposed on other employees within this Agency for the same or similar offenses." *Id.*; IAF, Tab 4 at 15. The administrative judge found such statement gave the appellant sufficient notice that the agency would consider other factually similar cases. ID at 4. The administrative judge further found that the information HR communicated to the deciding official was cumulative, the appellant had an opportunity to respond, and the communication was not likely to result in undue pressure on the deciding official to rule in a particular manner. *Id.* As for the appellant's assertion that the deciding official relied on personal observations regarding the appellant's credibility and his potential for rehabilitation, the administrative judge explained that she knew of no authority requiring the agency to identify every *Douglas* factor it intended to consider in the notice of proposed removal, nor had the appellant identified any such authority. *Id.* The administrative judge thus determined that the deciding official's ex parte communication with HR was neither substantial nor likely to cause prejudice. *Id.*

¶11    On review, the appellant reasserts his argument that the deciding official relied upon new and material information in two respects: the conversation with HR regarding the penalties imposed against similarly situated employees, and his

admitted reliance upon his own experience in deciding other cases involving drugs. PFR File, Tab 3 at 8-9. The appellant admits that the proposal notice states that his removal "would be consistent with actions imposed on other employees within this Agency for the same or similar offenses," as the administrative judge noted, but argues that such notice was insufficient to allow him to understand that the agency had imposed penalties other than removal in the past. *Id.*; IAF, Tab 4 at 15; ID at 4. However, the initial decision adequately addresses these arguments. We specifically note that the statement in the proposal notice that removal would be consistent with actions imposed on other employees for the same or similar offenses gave the appellant adequate notice that the deciding official would consider those matters. IAF, Tab 4 at 15. Moreover, we agree with the administrative judge that the deciding official's communication with HR merely confirmed the accuracy of the information that had been provided to the appellant in the proposal, and thus, it was not "new" information. Hearing Compact Disc (HCD), Track 1 at 43:50 (testimony of deciding official that HR validated the consistency of the penalty with other employees who had committed similar misconduct); *see*, *e.g., Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001) (finding that when a deciding official initiates ex parte communication to confirm or clarify information already contained in record, there is no due process violation). Accordingly, we conclude that this communication was not so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances.

¶12      The appellant also asserts that he learned for the first time at the hearing that the deciding official relied on personal knowledge[2] and conclusions regarding

---

[2] The appellant argues in his petition for review that the deciding official considered the penalties he assessed in similar cases in which he had served as deciding official without notifying the appellant that he would do so. HCD, Track 1 at 42:20. As noted above, the appellant was on notice that the agency considered removal to be consistent with actions imposed on other employees for the same or similar offenses, and we find

his credibility and rehabilitative potential, and that he did not get an opportunity to respond to that testimony. PFR File, Tab 1 at 9. The deciding official testified that, in upholding the removal action, he considered that the appellant had not credibly explained the circumstances underlying the positive drug test, indicating he had not accepted responsibility for his actions, and he had not entered a rehabilitation program. HCD, Track 1 at 38:07 (testimony of the deciding official). As to the deciding official's determination that the appellant's explanation for the positive drug test was not credible, we note that the explanation was provided by the appellant in his response to the proposal notice. IAF, Tab 14 at 4. The appellant has not pointed to any ex parte information pertaining to his explanation for the positive drug test that had been provided to the deciding official when he made his decision to uphold the appellant's removal. We find that the deciding official did not consider any "new" information in assessing the credibility of the explanation; rather he drew conclusions based on the information presented to him. The Board has held that a deciding official does not violate an employee's rights when he considers issues the employee raised in his response to the proposed action and then rejects those arguments in reaching a decision. *Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 9 (2015). Accordingly, we find that the deciding official's determination that the appellant's explanation for the charged misconduct was not credible did not amount to a due process violation.

¶13 Similarly, the appellant does not contend that the deciding official considered any "new" information in concluding that the appellant had not entered into a treatment program for drug use. From this record, we must conclude that the deciding official made his assessment based on the absence of

that any failure to provide the appellant with details regarding the individual cases considered was not a due process violation under these circumstances.

any reference to treatment in the record, including in the appellant's reply to the proposal notice.[3]

¶14     The appellant asserts that, had he been aware that the deciding official would consider his credibility and rehabilitative potential, he would have offered evidence during his reply regarding his participation in a drug treatment program and a statement from his ex-girlfriend substantiating his version of events regarding his ingesting THC.  PFR File, Tab 3 at 11.  The appellant, however, received the opportunity to examine the evidence the deciding official would consider and to present evidence of his own, including witness statements, and he failed to present such evidence.  IAF, Tab 4 at 16.  The fact that the deciding official drew adverse conclusions when the appellant did not present evidence to bolster his case for mitigation of the penalty does not support a finding that the agency violated his due process rights.

¶15     Finally, the appellant argued that he offered into evidence several last chance agreements (LCAs) the agency had reached with employees at a different facility.  PFR File, Tab 3 at 12; IAF, Tab 11 at 3-5; PFR File, Tab 5 at 5.  The administrative judge considered these documents solely for purposes of due process analysis.  IAF, Tab 12 at 2; HCD, Track 2 at 29:00 (testimony of the appellant).  The appellant argued that these documents should have been disclosed by HR to the deciding official for the deciding official to consider offering an LCA to the appellant as an alternative to removal.  PFR File, Tab 3 at 12.  Here, the appellant is seeking to circumvent the administrative judge's evidentiary ruling below and offer the LCAs as evidence of disparate penalties. The Board, however, has long held that an agency need not explain why it imposed lesser penalties against other employees whose charges were resolved by

---

[3] In this regard, an October 6, 2014 agency memorandum states that employees using illegal drugs "will be considered for removal from employment" even in light of a "long and exemplary record of employment," but such employees may avoid disciplinary action by self-reporting their drug use and seeking medical assistance.  IAF, Tab 4 at 22.

settlement agreements.  An agency's decision to enter into a settlement agreement with another employee generally cannot form the basis for a disparate treatment claim.  *Lewin v. Department of Justice*, 74 M.S.P.R. 294, 300-01 (1997).  To allow such a claim would have a chilling effect on settlement agreements, which both the courts and the Board favor.  *Fowler v. U.S. Postal Service*, 77 M.S.P.R. 8, 17 (1997); *see also Blake v. Department of Justice*, 81 M.S.P.R. 394, ¶ 42 (1999).  For these reasons, we affirm the administrative judge's findings in the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.